IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ᴇᴜ  D.C.

05 JUN 30 PM 3: 35

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT
W.D. OF TN -JACKSON

| | | |
|---|---|---|
| DAVID HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1-05-1111 T-An |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF REMAND UNDER
## SENTENCE SIX OF 42 U.S.C. § 405(g)

After reviewing the above-captioned case, agency counsel requested that the Appeals Council of the Social Security Administration undertake further review of this case, which it agreed to do. Accordingly, the parties jointly propose that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further consideration before the Commissioner files her answer.

IT IS THEREFORE ORDERED that the Commissioner's decision is remanded under sentence six of 42 U.S.C. § 405(g) so that an administrative law judge (ALJ) can take action in accordance with this order. Upon remand, the ALJ should obtain the testimony of a vocational expert to determine whether Plaintiff can perform jobs that exist in significant numbers in the national economy. As part of his residual functional capacity finding, the ALJ found that Plaintiff must avoid moderate exposure to fumes, odors, and dusts. However, the ALJ used the medical-vocational guidelines to direct a decision in the case (Tr. 29). Social Security Ruling (SSR) 85-15, indicates that where an environmental restriction falls between very little and excessive, resolution of whether Plaintiff can perform work which exists in significant numbers in the national economy

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ⁷/¹¹/05

5

generally requires consultation with a vocational expert. If the claimant is restricted from performing a full range of work, an ALJ may use the medical-vocational guidelines as a framework for his decision but must rely on other evidence to carry his burden. See Burton v. Secretary of Health & Human Servs., 893 F.2d 821, 822 (6th Cir. 1990).

Accordingly, upon remand, the Commissioner shall take action consistent with the foregoing.

SO ORDERED.

_____
JAMES D. TODD, JUDGE
UNITED STATES DISTRICT COURT

Date: 30 June 2005

CONSENTED TO AND APPROVED BY:

_____
Joe H. Byrd, Jr. by permission Harriett Miller Hale
Attorney for Plaintiff
P.O. Box 2764
Jackson, Tennessee 38302

_____
Joe A. Dycus, Assistant United States Attorney
Attorney for Defendant
167 N. Main Street, 8th Floor
Memphis, Tennessee 38103

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:05-CV-01111 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

---

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38301--276

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT